UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AYLIN RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>TYSON FOODS, INC., a Delaware corporation,<br><br>                    Defendant. | NO. 4:25-CV-5156-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT are Defendant's Motion for Judgment on the Pleadings (ECF No. 4) and Motion to Dismiss (ECF No. 9).  These matters were submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendant's Motion for Judgment on the Pleadings (ECF No. 4) is **DENIED as moot** and Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED in part and DENIED in part**.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 1

# BACKGROUND

This case arises out of allegations that Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees, including Plaintiff.

Plaintiff filed her original complaint with the Spokane County Superior Court on July 28, 2025.  ECF No. 1-2.  Defendant subsequently removed the action to this Court on November 14, 2025 (ECF No. 1) and filed a Motion for Judgment on the Pleadings (ECF No. 4).  Plaintiff thereafter filed a First Amended Complaint ("FAC").  ECF No. 6.  As the FAC supersedes the original complaint, Defendant's pending Motion for Judgment on the Pleadings is now moot and is denied as such.

The following facts are drawn from Plaintiff's FAC and construed in the light most favorable to Plaintiff.  *Schwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000).  Defendant operates a meat processing and packing plant in Wallula, Washington and employs hundreds of employees at any given time to provide prepared food products.  ECF No. 6 at ¶ 3.2.  Plaintiff resides in Richland, Washington and was employed by Defendant from February 2016, through January 2023, as a packer, meat handler, and machine operator.  *Id.* at ¶ 3.1. Plaintiff alleges that during her time employed with Defendant, she experienced a variety of willful wage-and-hour violations, including but not limited to: non-compliant meal and rest breaks, off-the-clock work, unpaid or underpaid overtime,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 2

rounding, sick leave violations, personnel record violations, and other violations. *Id.* at ¶ 5.1.

### 1. Failure to provide meal breaks

Plaintiff alleges she was routinely denied the opportunity to take a full thirty-minute meal break.  She alleges that she had to take short breaks to get back to production because meat would already be on the table ready for her to work on. ECF No. 6 at ¶ 5.8.  Plaintiff also alleges that when she arrived at work early or was required to stay late, Defendant required her to work five or more consecutive hours without a meal break.  *Id.* at ¶ 5.9.  Additionally, Plaintiff and other employees working were required to reach a quota prior to going on a meal break which often resulted in working five or more hours in a row.  *Id.* at ¶ 5.10.

Plaintiff alleges she had to be off the clock to discuss any questions regarding her pay or pay stubs with payroll or human resources, and that at least three times a month, Defendant engaged with Plaintiff regarding work related matters while she was off the clock.  *Id.* at ¶¶ 5.11,5.12.  These interruptions prevented Plaintiff from taking a meaningful meal break; yet despite these interruptions or Plaintiff's inability to take a meal break, Defendant automatically deducted meal breaks from Plaintiff.  *Id.* at ¶ 5.13.

### 2. Failure to pay minimum wages for all hours worked

Plaintiff alleges that she was not always paid for work she had to perform

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 3

prior to a work shift, such as donning and doffing, and other related tasks.  *Id.* at ¶ 5.15.  Additionally, Defendant's automatic meal break deduction, even when Plaintiff could not take a meal break or had a shortened meal break, resulted in hours worked without pay.  *Id.* at ¶ 5.16.

### 3. Failure to pay all overtime wages due

Plaintiff alleges that some of the hours she worked without pay were overtime hours and that the overtime rates that were paid did not correctly factor in Plaintiff's incentive pay of up to $1.00 an hour.  ECF No. 6 at ¶¶ 5.18,5.19.

### 4. Unlawful Deductions and Rebates

Plaintiff alleges that Defendant required Plaintiff and other Class members to incur employer expenses without reimbursement such as requiring Plaintiff to purchase gloves every month and boots twice a year.  *Id.* at ¶ 5.22.  These items were only used during work hours and for work purposes.  *Id.*

### 5. Failure to accrue and allow use of paid sick leave

Plaintiff alleges Defendant engaged in a common course of failing to accrue sick leave for all the hours Plaintiff worked or not permitting Plaintiff to use sick leave for qualified absences.  Plaintiff also alleges that when she did take sick leave, she was paid her base hourly rate rather than the required normal rate.  *Id.* at ¶¶5.25,5.26.  As an example, Plaintiff states that during the pay period of September 25, 2022 to October 1, 2022, Plaintiff took two hours of sick leave

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 4

which were paid out as $19.00 per hour even though she received $20.00 per hour for her regular hours, and $30.00 per hour for her overtime pay during the same pay period. *Id.* at 5.26.

Plaintiff also alleges that Defendant did not distribute the sick leave policy to employees so employees did not know when sick leave was permitted to be used. *Id.* at ¶ 5.27.

6. <u>Failure to pay all wages due at termination</u>

Plaintiff alleges Defendant had a common course of failing to pay Plaintiff and the Class members all wages due upon termination. *Id.* at ¶ 5.29.

7. <u>Failure to maintain accurate payroll records</u>

Plaintiff alleges that Defendant failed to maintain accurate payroll records as required under Washington law and failed to produce certain records with Plaintiff's personnel file pursuant to a statutory records request under RCW 49.12.240. *Id.* at ¶¶ 5.31, 5.32, 5.33.

Based on these alleged facts, Plaintiff brings the following eight causes of action: violations of RCW 49.12.020 and WAC 296-126-092 for (1) failure to provide rest periods and (2) failure to provide meal periods; (3) violation of RCW 49.46.130 for failure to pay overtime wages; (4) violation of RCW 49.46.090 for payment of wages less than entitled; (5) violations of RCW 49.46.210 and WAC 296-128-620 for failure to accrue and allow use of paid sick leave; (6) violations of

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 5

RCW 49.52.060 and WAC 296-126-028 for unlawful deductions and rebates; (7) violation of RCW 49.48.010 for failure to pay all wages due at termination; and (8) violation of RCW 49.52.050 for willful refusal to pay wages. ECF No. 6 at 20-28.

## DISCUSSION

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts 1-4 and 6-8 of Plaintiff's FAC for failing to present sufficient facts to support a cognizable claim. ECF No. 9.

### A. Legal Standard

A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 6

When analyzing whether a claim has been stated, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

### B. Pleading under *Landers*

Defendant contends that Plaintiff has failed to plead sufficient facts for her wages and hour claims as required under *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). ECF No. 9 at 6. In *Landers*, the Ninth Circuit held that in order for a plaintiff to state a plausible claim for overtime wages under the Fair labor Standards Act ("FLSA") that met the Rule 8 pleading standard, the plaintiff must allege facts that during a given week the plaintiff was entitled to but denied overtime wages. *Landers*, 771 F.3d at 644-45. "A plaintiff may establish a plausible claim by estimating the length of her average workweek during the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 7

applicable period and the average rate at which she was paid, the amount of overtime wage she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645. However, "conclusory allegations that merely recite the statutory language" are inadequate. *Id.* In that case, the court concluded that Mr. Landers "generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA" failed to provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Id.* at 646.

Defendant contends that courts apply *Landers* to both state and federal statutes and cites to several cases out of the Western District of Washington. ECF No. 9 at 6. Indeed, district courts have applied *Landers* to overtime wage claims other than those under the FLSA. *See, e.g.*, *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016) (applying *Landers* to state law overtime wage claim). However, district courts in this circuit are split on the specificity *Landers* requires, with some holding that it does not require a plaintiff to identify a particular calendar week where overtime wages were denied, but only that the allegations "give rise to a plausible inference that there was" such an instance. *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 1016); *Boon v. Canon Bus. Solutions, Inc.*, 592 Fed. Appx. 631, 632 (9th Cir. 2015). While others require the plaintiff to identify a particular work week where plaintiff was not paid overtime

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 8

wages. *See Rittman v. Amazon.com, Inc.*, No. C16-01554-JCC, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017).

The Western District of Washington consistently follows the latter interpretation and requires "wage and hour claims to be 'supported by facts that demonstrate that each named Plaintiff did not receive minimum wage or overtime compensation in a particular workweek[,]', or with certain frequency." *Valdovinos v. Delta Air Lines Inc.*, No. C25-2026-SKV, 2025 WL 3623739, at *4 (W.D. Wash. Dec. 15, 2025) (internal citation omitted) (collecting cases). Only one other case out of this district, *Sanders v. Western Express, Inc.*, No. 1:20-CV-03137-SAB, 2021 WL 2772801, at *6 (E.D. Wash. Feb. 11, 2021), has addressed the district court split in interpreting *Landers*. However, the court there did not decide the issue as it concluded the plaintiff met his pleading obligations under either interpretation. *Id.* Therefore, if needed, the Court will follow the Western District's interpretation.

1. Claim 1: failure to provide rest breaks

Washington law requires an employer to allow "a rest period of not less than ten minutes, on the employer's time for each four hours of working time" and cannot require an employee "to work more than three hours without a rest period." Wash. Admin. Code 296-126-092.

Defendant argues Plaintiff's rest break violation claim is insufficiently pled

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 9

because Plaintiff does not ever allege that her rest breaks were shorter than ten minutes or allege a specific instance when she had to work more than three hours without a break or worked through her break.  ECF No. 9 at 7.  Plaintiff counters that Plaintiff's allegations that breaks were cut short from having to don and off work gear and stand in line to use the rest rooms or go more than three consecutive hours without a rest period on days she arrived early or stayed late are sufficient to state a rest break claim.  ECF No. 10 at 5-6.

Plaintiff has failed to sufficiently plead a rest break claim.  Plaintiff's allegation that she took breaks unless they were behind on quotas requiring her to work through a break does not allege a specific instance when this occurred or the frequency of its occurrence.  Similarly, Plaintiff's allegation that she worked longer than three hours without a rest break on days she arrived early or stayed late is not sufficiently specific to infer that a violation occurred.  *See, e.g.*, *Flores v. United Parcel Serv., Inc.*, No. 8:25-CV-01534-FWS-ADS, 2026 WL 41359, at *3 (C.D. Cal. Jan. 5, 2026) ("Because Plaintiff merely recites the statutory language and does not allege a specific . . . instance where Plaintiff was denied a required break, the court finds that Plaintiff fails to sufficiently allege his claims for . . . failure to provide rest breaks."); *see also Johnson v. Q.E.D. Environmental Systems Inc.*, *Johnson v. Q.E.D. Env't Sys. Inc.*, No. 16-CV-01454-WHO, 2016 WL 4658963, at *4 (N.D. Cal. Sept. 7, 2016) (holding complaint sufficiently pled

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 10

where the plaintiff alleged he and other employees "took breaks of approximately only 20 or 25 minutes . . . at least once every two weeks").

Plaintiff's allegation that rest breaks were limited because she had to don and doff protective and work gear is also insufficient because she never actually alleges that the remaining break periods between donning and doffing were shorter than ten minutes.

Claim 1 is **dismissed, with leave to amend**.

2. <u>Claim 2: failure to provide meal breaks</u>

The Washington Administrative Code ("WAC") requires:

> Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift.  Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

Wash. Admin. Code § 296-126-092(1) (1999).

The provision does not "permit any mitigation of the section's mandatory thirty-minutes duty-free directive." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 913 (9th Cir. 2003).  Thus, an employee is "owed compensation for the full thirty-minute period where" the employer "has intruded upon or infringed the mandatory thirty-minute term to any extent." *Id.* at 914.

Defendant contends that Plaintiff has not sufficiently pled her meal break claims because, similar to her rest break claims, she does not identify a single

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 11

instance when the violation occurred.  ECF No. 9 at 7-8.  Defendant also argues that Plaintiff's allegation that her supervisor would speak to her about work related matters when she clocked off approximately three times a month lacks sufficient detail as to what those work related matters were or if Plaintiff actually engaged in those discussions.  *Id.* at 7.

The Court disagrees and concludes Plaintiff has sufficiently pled her meal break violation claim.  Plaintiff's allegation that her supervisor interrupted her meal break to talk about work related matters "approximately three times a month" and that Defendant automatically deducted meal breaks from Plaintiff regardless of any interruptions is sufficiently specific to satisfy *Lander*.  *See Arnold v. Marriott Int'l*, No. 3:24-CV-00221-RAJ, 2025 WL 1919260, at *6 (W.D. Wash. July 11, 2025) ("[C]ourts in this circuit have found complaints sufficient if they identify a specific time *or frequency* where violations occurred, and some detail regarding the nature of the alleged violation.") (emphasis added).  Plaintiff's allegation that the discussions were work related is also sufficient for pleading purposes.  *See Parker v. Walgreen Pharmacy Servs. Midwest, LLC*, No. 3:25-CV-05624-BHS, 2025 WL 3214395, at *2 (W.D. Wash. Nov. 18, 2025) (holding complaint sufficient where the plaintiff alleged his supervisor frequently interrupted his breaks to discuss or require him to complete work tasks).

Defendant's challenge to Claim 2 fails.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 12

3. Claim 4: payment of wages less than entitled

RCW 49.46.090 requires employers to pay employees all amounts to which they are entitled to under the Washington Minimum Wage Act ("WMA").

Defendant again argues Plaintiff has not sufficiently pled a minimum wage claim because she does not identify a specific instance where she was not compensated for work performed prior to her scheduled shift, does not allege a particular instance or the frequency in which she had to work through meal breaks that were unpaid, and does not allege that the off-the-clock time forced her pay rate below Washington's minimum wage. ECF No. 9 at 8.

As Plaintiff has adequately pled her violation of meal break claim, it follows that any meal breaks that were interrupted in violation of WAC § 296-126-092(1), yet still deducted, would result in payment of wages less than entitled. Plaintiff has adequately pled her failure to pay minimum wages for all hours worked claim.

4. Claim 3:  failure to pay overtime wages

RCW 49.46.130 provides:

no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed.

Defendant argues Plaintiff's claim for overtime wages is deficient because she fails to allege any particular work week where she worked over forty hours and was

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 13

denied overtime wages.  ECF No. 9 at 12-13.  Plaintiff contends that she properly pled that there was at least one work week she worked over forty hours and was not properly compensated because she alleged that she and her class members were not paid overtime "during workweeks in which the missed meal break time extended the workweek beyond forty (40) hours."  ECF No. 6 at 17.

Plaintiff has sufficiently pled her overtime wages claim.  Because Plaintiff plausibly alleges that she was not able to take her full thirty-minute meal breaks due to interruptions "approximately three times a month," and those thirty-minutes were deducted regardless, Plaintiff's overtime claim based on the allegation that those missed meal breaks extended such weeks beyond forty hours is plausible. *See Johnson*, 2016 WL 4658963, at *4 ("Because Johnson plausibly alleges that he was not able to take a full 30-minute meal break, and QED has a policy of automatically deducting 30 minutes from employee's paychecks regardless of the actual length of their meal period, his overtime claim based on these missed wages also survives.").

5. Claim 6: unlawful deductions and rebates

Defendant contends that Plaintiff's claim that Defendant failed to reimburse business expenses is not a cognizable claim under Washington law.  ECF No. 9 at 11.  Plaintiff responds that the language under RCW 49.48.010(3) that an employer may not "withhold or divert any portion of an employee's wages" applies in this

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 14

case because forcing an employee to incur a business expense in the course of performing their duties is a diversion or withholding of the employee's wages. ECF No. 10 at 10-11.   Plaintiff also cites to the language of RCW 49.52.060 in arguing that such a diversion is only lawful where "the employer derives no financial benefit from such deduction and the same is openly, clearly and in due course recorded in the employer's books."

The Wage Rebate Act was enacted to "prevent abuses by employers in a labor-management setting, e.g., coercing rebates from employees in order to circumvent collective bargaining agreements." *LaCoursiere v. Camwest Dev., Inc.*, 181 Wash. 2d 734, 741 (2014). "[T]he aim or purpose of the act is to see that the employee shall realize the full amount of the wages which by statute, ordinance, or contract he is entitled to receive from his employer, and which the employer is obligated to pay . . . ." *Schilling v. Radio Holdings, Inc.*, 136 Wash. 2d 152, 159 (1998) (quoting *State v. Carter,* 18 Wash. 2d 590, 621 (1943)).

Plaintiff does not demonstrate that Defendant "withheld or diverted" wages within the meaning of RCW 49.48.010(3) because she has not alleged facts that she is entitled to the personal expenses incurred as part of her wages either by statute, ordinance, or contract, and which Defendant was obligated to pay. Therefore, this claim is dismissed.

Defendant argues that because no claim exists under Washington law for the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 15

reimbursement of business expenses, this claim should be dismissed with prejudice. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2002). The Court agrees that Plaintiff does not have a cognizable claim for reimbursement under Washington's Wage Rebate Act, therefore this claim is **dismissed with prejudice**.

    6. <u>Claims 7 and 8: failure to pay all wages due and willful refusal to pay wages</u>

    Defendant moves to dismiss Plaintiff's failure to pay and willful refusal to pay wages claims on the basis they are completely derivative of Plaintiff's other wage and hour claims. ECF No. 9 at 13. As Plaintiff has adequately pled her overtime, minimum wage, and meal break claims, Defendant's challenge to the claims as derivative thereof fails.

//

//

//

//

//

//

//

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 16

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 4) is **DENIED as moot**.

2. Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED in part and DENIED in part**.

3. Plaintiff shall have **twenty (20)** days from the date of this order to file a Second Amended Complaint.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 17, 2026.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 17